JUNE TERM<br>1836.<br><br>Wilson and Jones<br>v.<br>Atwood.<br><br>publication, and that complainant should ask a decree of title to himself.

———❊✕❊———

## WILSON AND JONES v. ATWOOD.

A judgment of respondeat ouster is the proper one where a demurrer to a plea in abatement is sustained, and it is error in the court to give a general judgt. of recovery.

ERROR from the St. Louis circuit court.

B. ALLEN for plaintiffs in error.

This Was an action commenced in the circuit court of the county of St. Louis, by the defts. in error, against the pltf. in error, and one James Robb, and one John F. Foster. The proceedings were instituted by petition and summons, to the petition, the deft. below, Atwood, who only was served with process and who only appeared, pleaded in abatement, that James Robb one of the defendants in the petition and writ mentioned, was at the time when the petition was filed and writ sued dead. To this plea, the pltfs. below demurred generally, and the court on the hearing of the demurrer, held the plea insufficient, and gave judgment for the pltfs. below, that they recover of the deft. Atwood, the sum of four hundred and fifty-seven dollars and thirty-two cents, as demanded in the petition, as also the sum of one hundred and thirteen dollars and sixteen cents, for their damages sustained by reason of the detention of the debt, together with their costs and charges &c. to reverse which judgment, this writ of error is prosecuted. The question made by the pltf. in error and presented by the record is, whether a general judgment is the proper judgment on a demurrer to a plea in abatement; admitting it to be bad in law. It is insisted by the pltf. in error that a judgment of quod respondeat is the proper judgment—1 Ch. plead. p. 405.

JUNE TERM
1836.

Wilson and Jones
v.
Atwood.

DARBY and HAMILTON, for defendants.

In support of the legality of the proceedings, the defendants rely upon the practice of the circuit court in such cases, and upon the fourteenth section of the Practice act, R. L. 625.

Statement of the case.

Opinion delivered by WASH Judge.

This was an action commenced by petition and summons in the St. Louis circuit court by Wilson and Jones, against Atwood the plaintiff in error, and one James Robb and one John F. Foster. Atwood alone was served with the process, and pleaded in abatement, that James Robb, one of the defendants in the petition and writ mentioned, was at the time of filing the petition and suing out the writ, dead &c. To this plea, the plaintiffs below demurred generally, and the court on the hearing of the demurrer, held the plea bad, and gave judgment for the plaintiffs, to reverse which, Atwood has come with his writ of error to this court.

Opinion of the court.

A judgment of respondeat ouster is the proper one where a demurrer to a plea in abatement is sustained, and it is error in the court to give a general judgt. of recovery.

The only question presented for the consideration of the court, arising out of the record is, whether a general judgment of recovery is the proper judgment on a demurrer to a plea in abatement? It is quite clear that it is not, and that the judgment should have been that the defendant answer over. It is not for the court perhaps, to express its regret that a judgment should be reversed for an error purely technical, but it must be so. The judgment of the circuit court is reversed with costs, and the cause remanded.

The same v. The same. The same questions precisely is presented in this case, and the decision above disposes of it.